The sole issue on appeal to the Full Commission was the amount awarded to plaintiff for his serious facial disfigurement. Prior to the hearing before Deputy Commissioner Cramer, defendant offered plaintiff compensation for facial disfigurement in the amount of $1,000.00 based on submitted photographs. At that time plaintiff was unrepresented and continued to remain unrepresented at the hearing before Deputy Commissioner Cramer who awarded plaintiff $4,500.00 for serious facial disfigurement. Thereafter, plaintiff obtained counsel to represent him in his appeal to the Full Commission. Although plaintiff was represented at the Full Commission level, plaintiff's counsel did not appear for oral argument. Plaintiff himself appeared for a viewing of the disfigurement in question. After viewing plaintiff, asking plaintiff questions, and reviewing the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Cramer, the Full Commission awarded plaintiff $7,500.00 for serious facial disfigurement.
Plaintiff's counsel did not represent plaintiff at the Deputy Commissioner level and, thus, provided no services to increase the offer of $1,000.00 to the $4,500.00 awarded by Deputy Commissioner Cramer. Therefore, plaintiff's counsel is not entitled to an attorney's fee from this $4,500.00 amount awarded by the Deputy Commissioner. Further, even though plaintiff was represented by counsel at the time of the Full Commission oral argument, he appeared alone without counsel as his counsel waived oral argument. In regard to the appeal process, plaintiff's counsel performed legal services that were very limited, including only a cover letter, a one paragraph standard notice of appeal and a Form 44 containing one sentence alleging only one error. Plaintiff's counsel did prepare a brief to the Full Commission, however it consisted of one paragraph. Plaintiff's counsel would be entitled to fees only for his services in the appeal process which resulted in a $3,000.00 increase in the Award to plaintiff. However, in light of plaintiff's counsel's limited role, an attorney's fee even in the amount of 25% of $3,000.00 is unreasonable. Moreover, plaintiff's counsel's request for attorney's fees in the amount of $1,625.00 or 25% of the entire difference between $1,000.00 and $7,500.00 is clearly unreasonable and inappropriate.
An award of attorney's fees is within the sound discretion of the Commission pursuant to N.C. Gen. Stat. § 97-90. Thus, in their discretion, the undersigned find that in light of the amount of participation by plaintiff's counsel, the limited number of documents filed by him on plaintiff's behalf and his failure to appear at the Full Commission oral arguments, an attorney's fee in the amount of $300.00 is reasonable and appropriate. This amount shall be deducted from the $7,500.00 amount previously awarded plaintiff and paid directly to plaintiff's counsel. No further costs are assessed at this time.
This the ___ day of November, 1999.
S/_____________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/_____________ LAURA KRANIFELD MAVRETIC COMMISSIONER
S/_____________ RENEE C. RIGGSBEE COMMISSIONER
DSC:nwg